# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| Thomas Tafuto and Kathleen Tarrant-Tafuto, Plaintiffs, | | |
| | } | |
| v. | } | |
| | } | Docket No. 180-10-03 Vtec |
| Frederick Viens, II, Town of | } | |
| Fayston, and Kevin Russell, | } | |
| Zoning Administrator, | | |
| Defendants. | | |

## Decision and Order on Defendants' Motions for Summary Judgment

Plaintiffs brought the above-captioned case under 24 V.S.A. § 4470(c), seeking enforcement of a zoning permit issued to Defendant Viens, or enforcement of § 5.2 of the Fayston Zoning Ordinance governing home occupations, and also seeking revocation of Defendant Viens' permit due to misrepresentation. In a related case, Docket No. 86-5-03 Vtec, Thomas Tafuto and Kathleen Tarrant-Tafuto appealed from a decision of the Fayston Zoning Board of Adjustment (ZBA), upholding the Zoning Administrator's actions with respect to requests to enforce a zoning permit issued in 1999 to Frederick Viens, II, to operate an auto body shop as a home occupation. Plaintiffs are represented by David R. Bookchin, Esq. and David L. Grayck, Esq.; Defendant Frederick Viens, II, is represented by Lauren S. Kolitch, Esq.; Defendants Town of Fayston and Kevin Russell are represented by Joseph S. McLean, Esq. Defendants have moved for summary judgment.

The following facts are undisputed unless otherwise noted. In 1999 the ZBA issued a conditional use approval to Defendant Viens to operate an auto body repair shop in his barn, as a home occupation under § § 5.2 and 5.3 of the Fayston Zoning Ordinance. The permit contains six conditions regulating the operation of Defendant Viens' business, one of which requires Defendant Viens to comply with all state regulations relating to the business. In addition, Section 5.2.3 of the Ordinance requires that no materials or mechanical equipment be used in a home occupation " which will be detrimental to the residential character of the dwelling or adjoining dwellings because of vibration, noise, dust, smoke, odor, heat, glare, interference with radio or television reception, or other undesirable factors."

Since June of 2002, Plaintiffs have made complaints to the Zoning Administrator regarding the operation of Defendant Viens' business, including regarding paint fumes, delivery truck idling, and hours of operation. The complaints allude to violations of the town permit and regulations, violations of an Act 250 permit, and violations of the state Air Pollution regulations.

Plaintiffs appealed to the ZBA from Defendant Russell's withdrawal of a notice of violation previously issued to Defendant Viens regarding the hours of operation violation and from Defendant Russell's inaction regarding their other complaints. The ZBA upheld Defendant

Russell's action, and Plaintiffs' appeal of the ZBA's action[1] is on appeal to this Court in Docket No. 86-5-03 Vtec.

The state zoning statute provides for enforcement of local zoning ordinances and permits under 24 V.S.A. §§ 4444 and 4445, which allow the zoning administrator to bring actions for penalties (after issuing a notice of violation) and for injunctive relief against those operating in violation of their permits or of the town's zoning ordinance. These two sections do not provide for neighbors or other interested parties to take action directly against people alleged to be operating in violation of their permits or of the town's zoning ordinance. Rather, persons aggrieved by a zoning administrator's action or failure to act under these sections may appeal to the ZBA, as Plaintiffs did with respect to the asserted violations at issue in this case.

Sections 4470(a) and (b) of the state zoning statute provide for the ZBA's issuance of its decision in such appeals. Once the ZBA has issued a decision, § 4470(c) is an additional enforcement provision that requires the town to take action in court to enforce the ZBA decision, and also allows other interested persons to file a court action to enforce the ZBA decision:

(c) A municipality shall enforce all decisions of the board of adjustment or the development review board of that municipality, and further, the superior court, district court, or the environmental court . . . shall enforce such decisions upon petition, complaint or appeal or other means in accordance with the laws of this state by such municipality or any interested person by means of mandamus, injunction, process of contempt, or otherwise.

In the present instance, there is no ZBA decision[2] for the Plaintiffs (or anyone else) to enforce under § 4470(c). It is possible that their appeal of the zoning administrator's non-issuance of a notice of violation (in Docket No. 86-5-03 Vtec) could result in a court order overturning the ZBA decision, or could result in a remand and a future ZBA order. Until there is a ZBA order (or court order) to enforce, § 4470(c) does not provide a cause of action.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment is GRANTED, and the above-captioned complaint is DISMISSED for failure to state a cause of action, without prejudice to any future complaint that may be brought to enforce an order of the ZBA or of this Court. We will hold the telephone conference already scheduled for January 20, 2004, at 4:00 p.m., to discuss scheduling the appeal in Docket No. 86-5-03 Vtec for trial. The parties should be prepared to discuss whether there are any other related actions, such as to revoke or enforce the Act 250 permit, to enforce the state Air Pollution regulations, or for private or public nuisance, of which the Court should be aware, for the purpose of consolidating any hearings. Please send the Court a copy of the zoning regulations under a cover letter referring to Docket No. 86-5-03 Vtec, for use at the conference.

Done at Barre, Vermont, this 16th day of December, 2003.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    The ZBA does not appear to have heard evidence on or to have addressed in its decision whether the permit should be revoked for misrepresentation, nor is it clear that Plaintiffs requested such action from the ZBA. In the conference (see final paragraph of this decision) we will discuss whether this issue has yet been brought before the ZBA. The ZBA also does not appear to have addressed in its decision Plaintiffs' other requests regarding the Zoning Administrator's inaction. As those issues were before the ZBA, they are within the scope of Plaintiffs' appeal to the Court in Docket No. 86-5-03 Vtec.

2.    The 1999 permit issued by the Zoning Administrator is not a decision of the ZBA that could be enforced under §4470(c). The permit can be enforced according to its terms, but only through §§4444 and 4445. See, Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288 (1981).